**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 25-12622 MER |
| Mersad Rahmanovic | Chapter 7 |
| Debtor. | |
| Mersad Rahmanovic | Adversary No. 25-01344 MER |
| Plaintiff, | |
| v. | |
| Sconset Resources, LLC, Martin Bloom, Deanne R. Stodden, and Messner Reeves, LLP | |
| Defendants. | |

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("**Motion**") filed by the Defendants, the response thereto filed by Plaintiff/Debtor Mersad Rahmanovic ("**Rahmanovic**"), and the Defendants' reply.[1]

## BACKGROUND

Rahmanovic commenced the underlying bankruptcy case on April 30, 2025.  On June 6, 2025, one of Rahmanovic's creditors, Keirton Inc., filed a motion to dismiss his case ("**Dismissal Motion**").  The Court granted the Dismissal Motion on July 7, 2025.[2] A few days later, Rahmanovic filed a motion to reinstate his case ("**Reinstatement Motion**"), which the Court granted on August 13, 2025.[3]

After Rahmanovic's case was reinstated, Defendant Sconset Resources, LLP ("**Sconset**") filed a motion for relief from the automatic stay.[4]  In its motion, Sconset represented that after the case was dismissed and before it was reinstated, it foreclosed on property owned by Rahmanovic known as 1607 South Oakland Street, Aurora,

---

[1] ECF Nos. 8 & 9.

[2] Bankr. Case No. 25-12622, ECF No. 53.

[3] *Id.* at ECF No. 57.

[4] *Id.* at ECF No. 62.

Colorado 80012 ("**Oakland Property**").  Sconset further asserted that, although title to the Oakland Property vested in it prior to the reinstatement of Rahmanovic's case, the case was reinstated before Sconset could initiate an eviction action to obtain possession of the property.  Rahmanovic did not object to Sconset's motion for relief, and the Court granted it on September 26, 2025.[5]

A few months after the Court granted Sconset's motion for relief, Rahmanovic filed two emergency motions seeking to stop eviction proceedings at the Oakland Property ("**Emergency Motions**"), along with several other motions related to Sconset's foreclosure of the property ("**Foreclosure Motions**").[6]  In both the Emergency and Foreclosure Motions, Rahmanovic argued that the foreclosure of the Oakland Property is void and constitutes a willful violation of the automatic stay because it was undertaken while the Reinstatement Motion was pending and because the Court had previously denied a motion for relief from stay filed by Sconset.  As such, Rahmanovic requested the foreclosure be voided, the Oakland Property be turned over to him pursuant to 11 U.S.C. § 542, and that the Court award him damages pursuant to § 362(k) for Sconset's willful violation of the automatic stay.[7]  Additionally, Rahmanovic also asserted that Sconset violated the Real Estate Settlement Procedures Act ("**RESPA**") because it failed to provide him with certain documents before foreclosing on the Oakland Property.  On November 25, 2025, the Court entered an order denying the Emergency Motions and incorporates such order within.[8]  In its order denying the Emergency Motions, the Court found Sconset's foreclosure of the Oakland Property did not violate the automatic stay because it was done after Rahmanovic's case was dismissed and before it was reinstated.  The Court denied the Foreclosure Motions for the same reason and also found that Rahmanovic had not made any allegations or presented any evidence to show that Sconset violated RESPA.  The Court incorporates its order denying the Foreclosure Motions within.[9]

Along with the Emergency and Foreclosure Motions, Rahmanovic also initiated the instant adversary proceeding.  In his Complaint, Rahmanovic asserts eight claims for relief, including: (1) violation of the automatic stay; (2) willful violation of the automatic stay under § 362(k); (3) turnover pursuant to § 542; (4) declaratory judgment that the foreclosure is void; (5) wrongful foreclosure; (6) RESPA violations pursuant to

---

[5] *Id.* at ECF No. 71.

[6] *Id.* at ECF Nos. 103, 105, 106, 107, 108, 109, & 110. The Foreclosure Motions also implicate Sconset's counsel, Defendants Messner Reeves, LLP, and attorney Deanne R. Stodden.

[7] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code unless otherwise stated.

[8] Bankr. Case No. 25-12622 at ECF No. 112.

[9] *Id.* at ECF No. 128.  Rahmanovic also filed an action in the Colorado District Court, Case No. 25-cv-03803-SKC-MDB regarding the foreclosure of the Oakland Property. The District Court entered an order on January 5, 2026, finding that it agrees with this Court that the foreclosure of the Oakland Property was not wrongful and that Defendants did not violate the automatic stay.  The Court also notes that Rahmanovic did not appeal either of the orders denying the Emergency and Foreclosure Motions.

2

12 U.S.C. § 2605 and 12 C.F.R. § 1024; (7) civil contempt; and (8) punitive damages for violations of federal law.  The Defendants filed the instant Motion on January 28, 2026, seeking dismissal of all of Rahmanovic's claims.

## ANALYSIS

### A.    Applicable Standard

Pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.[10]  A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[13]  A court is not required to accept mere conclusory allegations.[14]

### B.    Dismissal of All Claims is Warranted

Defendants assert Rahmanovic's first, second, third, fourth, fifth, and seventh claims are precluded by the Court's orders denying the Emergency and Foreclosure Motions.  Defendants also assert that Rahmanovic's sixth and eighth claims fail as a matter of law because RESPA does not apply to Sconset's loan since it is a commercial loan, and because Rahmanovic is not entitled to punitive damages since Defendants did not violate any federal law.  In response, Rahmanovic does not dispute that all claims in this proceeding should be dismissed.  Indeed, Rahmanovic even states that he "does not seek to relitigate matters previously decided by this Court."[15]  Instead, Rahmanovic argues that dismissal of this proceeding should not operate as an adjudication on the merits of any of his claims.

---

[10] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Id.*

[13] *Id.* (Internal quotations omitted).

[14] *Mira Holdings, Inc. v. ZoomerMedia, Ltd.*, 676 F.Supp.3d 909, 913 (D. Colo. 2023).

[15] ECF No. 9, ¶ 4.

### 1.    First, Second, Third, Fourth, Fifth, and Seventh Claims

The Court agrees, and Rahmanovic does not dispute, that the first, second, third, fourth, fifth, and seventh claims for relief are precluded by the Court's orders denying the Emergency and Foreclosure Motions.  In its orders, the Court already found that the foreclosure of the Oakland Property is not void and did not violate the automatic stay because it occurred after Rahmanovic's case was dismissed and before it was reinstated.[16]  As such, the Court also determined Rahmanovic is not entitled to damages under § 362(k), nor is he entitled to turnover of the property pursuant to § 542.  Therefore, Rahmanovic's first, second, third, fourth, fifth, and seventh claims will be dismissed.

### 2.    Sixth Claim

Rahmanovic's sixth claim for relief is for RESPA violations.  Although the Court addressed Rahmanovic's argument regarding Defendants' alleged RESPA violations in its order denying the Foreclosure Motions, it did not make a definitive finding regarding violations of RESPA.  Instead, the Court found that Rahmanovic had not alleged any facts nor provided any evidence that RESPA applies to Sconset's loan.  As such, the Court will briefly address whether Rahmanovic's claim for RESPA violations should be dismissed.

RESPA only applies to persons who make federally related mortgage loans.[17]  Federally related mortgage loans are defined in relevant part as

> Any loan (other than temporary financing such as a construction loan) which (A) is secured by a first or subordinate lien on a residential real property . . . and (B)(i) is made in whole or in part by any lender the deposits or accounts of which are insured by any agency of the Federal Government or is made in whole or in part by any lender which is regulated by any agency of the Federal Government, or (ii) is made in whole or in part . . . by the Secretary or any other officer or agency of the Federal Government or under or in connection with a housing or urban development program . . . or (iii) is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution . . . or (iv) is made in whole or in part by any "creditor," as defined in section 1602(f) of title 15, who makes or invests in residential real estate loans aggregating more than $1,000,000 per year . . . [18]

---

[16] *In re Murphy*, 493 B.R. 576, 580 (Bankr. D. Colo. 2013).

[17] 12 U.S.C. § 2605(a); 12 C.F.R. § 1024.5(a).

[18] 12 U.S.C. § 2602(1).

Section 1602 of Title 15 defines "creditor" as a person who regularly extends consumer credit.  As such, RESPA does not apply to commercial loans.[19]

Here, Rahmanovic has not alleged any facts to support his claim that RESPA applies or that Defendants violated RESPA.  Rahmanovic also does not dispute Defendants' argument that it is not subject to RESPA because its loan is a commercial loan.  Therefore, this claim will be dismissed.

### 3.    *Eighth Claim*

Rahmanovic's eighth claim for relief is for punitive damages.  The only allegations Rahmanovic makes in support of this claim are that "Defendants acted recklessly, willfully, and in conscious disregard of federal law," and that "punitive damages are appropriate."[20]  Rahmanovic does not specify which federal laws Defendants violated, but the Court assumes he is referring to Defendants' alleged willful violation of the automatic stay and RESPA.  As the Court has already discussed, Defendants did not violate the automatic stay, and Rahmanovic has not alleged any facts showing Defendants violated RESPA.  As such, this claim will be dismissed.

## CONCLUSION

For the reasons stated above, the Court ORDERS the Motion is GRANTED. This adversary proceeding is DISMISSED.

Dated March 31, 2026                                    BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

---

[19] 12 C.F.R. 1024.5(b)(2); *West Ridge Group, LLC v. First Trust Co. of Onaga*, 414 Fed.Appx. 112, 119 (10th Cir. 2011).

[20] ECF No. 1, ¶¶ 45-46.